1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

LUIS N. APONTE,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security

Defendant.

Case No. C11-5671-JCC

**REPORT AND
RECOMMENDATION**

13

14

15

16

17

18

19

Luis Aponte's motion for attorney fees, expenses and costs under the Equal Access to
Justice Act ("EAJA") has been referred to the undersigned.  Dkt. 23.  The Commissioner
opposes the motion contending his defense of the ALJ's decision was "substantially justified."
*See* Dkt. 21 at 2.  In reply, Mr. Aponte argues the Commissioner failed to carry his burden of
proof that his position was substantially justified and that the Court should award him an
additional $257.86 in fees for litigating a fee dispute.  Dkt. 22 at 6.  As discussed below, the
Court recommends Mr. Aponte's motion for fees and supplemental fees be **GRANTED**.

20

21

22

23

Under the EAJA the Court may award attorneys' fees to a plaintiff in an action against
the government if (1) plaintiff was the prevailing party; (2) the government failed to meet its
burden to show that its positions during the case were substantially justified or that special
circumstances make such an award unjust; and (3) the requested attorneys' fees are reasonable.

REPORT AND RECOMMENDATION - 1

28 U.S.C. § 2412(d)(1)(A); *see e.g., Perez–Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

Mr. Aponte is a prevailing party as the Court reversed and remanded the Commissioner's final decision, under sentence four, for further administrative proceedings.  *See* Dkts. 20, 23, and 24; *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (An applicant for benefits is a prevailing party upon procuring a sentence-four remand for further administrative proceedings).  The Commissioner does not dispute this, nor does he contend the fee request is unreasonable.

The Commissioner opposes Mr. Aponte's fee request on the grounds his position was substantially justified.  To meet the "substantially justified" standard, the Commissioner must advance a position justified to a degree that could satisfy a reasonable person.  *See Pierce v. Underwood*, 487 U.S. 552, 565, (1988); *accord Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008).  In other words, the government's position must have had a "reasonable basis in both law and fact."  *Pierce*, 487 U.S. at 565; *accord Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

In this case, Mr. Aponte sought review of the Commissioner's decision contending, among other things, the ALJ erroneously assessed the opinions of Kimberly Wheeler, Ph.D., and Andrea Buser, PA-C.  *See* Report and Recommendation, Dkt. 16 at 7, 11.  The Commissioner first argues his defense was substantially justified because "the Court did not find that these care providers clearly opined that Plaintiff's limitations meant he was disabled."  Dkt. 21 at 4.  This argument is meritless.  EAJA fees may be awarded where a case is remanded pursuant to sentence four for further proceedings, not just where the Commissioner is reversed and the claimant is awarded benefits.

Second, the Commissioner argues "the ALJ properly discounted Dr. Wheeler's and Ms. Buser's opinions."  *Id*.  This conclusory contention—which the Court in its report and recommendation found was incorrect—provides nothing to show substantial justification.  If this

REPORT AND RECOMMENDATION - 2

type of argument were sufficient, all the Commissioner ever need do to defeat a prevailing parties' EAJA fee request is to state the ALJ's decision was proper.  The Commissioner also argues his defense of the ALJ's assessment of Dr. Wheeler and Ms. Buser was substantially justified because the Court affirmed the ALJ's assessment of the opinions of Adrian Palomino M.D., D. Frederick, M.D., and Garret Duckworth Jr., M.D.  *Id.*  Substantial justification is not an all or nothing proposition.  If it were, a prevailing parties' EAJA fee request would have to be denied where an ALJ completely and unjustifiably committed reversible error simply because the Commissioner can point to at least one part of the ALJ's decision in which the ALJ did not err.

Third, the Commissioner argues the ALJ's findings regarding Dr. Wheeler and the Commissioner's defense of the ALJ was substantially justified because it is reasonable for the Commissioner to defend the ALJ's assessment in that assessing opinions regarding disability are reserved to the Commissioner.  This is no grounds at all.  The fact the Commissioner defends the ALJ's decision and his prerogative to make disability determination does not automatically make that defense substantially justified.  If it were, the mere fact the Commissioner defended the ALJ would bar a prevailing party from being awarded EAJA fees.

Fourth, the Commissioner argues the ALJ correctly discounted Dr. Wheeler's opinions and that his defense of the ALJ is therefore substantially justified.  Dkt. 21 at 5-6.  This amounts to nothing more than rearguing the ALJ committed no error, and by implication the Court erred in finding otherwise.  The case is far past that point.  The Court found the ALJ erred in assessing Dr. Wheeler's opinions and that Mr. Aponte is a prevailing party on the matter.  In any event, none of the grounds the ALJ relied on to reject Dr. Wheeler's opinions were supported legally or factually.  The ALJ rejected Dr. Wheeler's opinions finding the doctor gave an opinion regarding physical problems which the ALJ believed was outside her expertise as a psychologist.  The ALJ

made incorrect assumptions about that; the record showed Dr. Wheeler applied the DSM-IV criteria properly and assessed a disorder in which she judged both psychological factor and a general physical medical condition was involved. *See* Dkt. 16 at 8.

The ALJ also discounted Dr. Wheeler's opinion that Mr. Aponte could perform sustain employment by pointing to cognitive findings regarding memory, concentration, knowledge, etc. This disregarded the fact the Dr. Wheeler opined Mr. Aponte's inability to sustain employment was based on his severe depression and pain, not his cognitive ability. *Id.* at 9.

And finally, the ALJ discounted Dr. Wheeler's opinions based on Mr. Aponte's ability to perform limited cooking, cleaning, and grocery shopping. As a matter of law, the Court concluded these types of activities were not indicative of an ability to perform sustained work activity and thus not grounds to discount Dr. Wheeler's opinions. In short, the ALJ's assessment of Dr. Wheeler's opinions and the Commissioner' defense had no reasonable basis in both law and fact. As such, the Commissioner's defense was not substantially justified.

As to Ms. Buser's opinions, the Commissioner essentially reargues the ALJ properly discounted Ms. Buser's opinions as inconsistent with other evidence of record. Dkt. 21 at 6-7; *See* Commissioner's Response, Dkt. 12 at 19. But as noted above the case is far past the point of debating whether the ALJ erred; additionally the Court further does not consider the argument it erred in evaluating the ALJ's opinion as grounds that the ALJ's findings were substantially justified or that the Commissioner's defense is justified.

In any event, the Court reversed the ALJ because the ALJ failed to comment at all on Ms. Buser's 2010 opinion about Mr. Aponte's standing limitations. Dkt. 16 at 12. As a matter of law, the ALJ was required to explain why significant probative evidence was rejected. *Id.* The ALJ failed to do so and committed reversible error. The ALJ's error to comment on significant

1   probative evidence is not cured by the Commissioner's arguments that the ALJ properly rejected

2   Ms. Buser's opinions as inconsistent with the medical record.  The ALJ did not rely on this

3   ground, and thus neither can the Court.  In fact, as noted above, the ALJ erred by providing no

4   grounds at all for failing to even discuss Ms. Buser's 2010 opinion.  The ALJ provided no such

5   reasoning, and could not, because the ALJ failed to comment on or discuss the opinion.

6   Accordingly the ALJ's treatment of Ms. Buser's opinions and the Commissioner's defense had

7   no reasonable basis in both law and fact.  As such, the Commissioner's defense was not

8   substantially justified.

9          In sum, this case does not present "a 'genuine' dispute about which reasonable people

10  could differ," as the Commissioner claims.  Dkt. 21 at 8.  If it did, the Court would have affirmed

11  the Commissioner.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008) (Where

12  evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's

13  findings if they are supported by inferences reasonably drawn from the record.).  For the reasons

14  above, the Court recommends Mr. Aponte's motion, (Dkt. 20) and supplemental request for the

15  cost of defending his motion, (Dkt. 22) be **GRANTED** as follows:

16          Initial request for fees:              $6,279.76

17          Supplemental request for fees:          $275.86

18          Total fees:                          $6,555.62

19          Expenses:                              $23.47

20          TOTAL FEES AND EXPENSES:    $6,579.09

21          Objections to this Recommendation must be filed and served upon all parties no later

22  than **December 3, 2012.**  Responses are due **December 6, 2012**.  Objections and responses

23  should not exceed ten (10) pages.  The Clerk should note the matter for **December 7, 2012**, as

REPORT AND RECOMMENDATION - 5

1    ready for the District Judge's consideration.  The failure to timely object may affect the right to

2    appeal.

3          DATED this 19th day of November, 2012.

4

5                                                   _____

6                                                   BRIAN A. TSUCHIDA
                                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 6